UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UBUNTU TRADING (USA) INC.,

                                 Plaintiff,                 **REPORT AND RECOMMENDATION**

         -against-                              23-CV-6737-RER-SJB

FALOUR.COM, LI WENZHUO, DASHOPX.COM,
RACHEL EIPSTEIN, and JOHN DOES 1–10,

                               Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

        Plaintiff Ubuntu Trading (USA) Inc. ("Plaintiff" or "Ubuntu") filed this case against Defendants Falour.com, Li Wenzhuo, Dashopx.com, Rachel Eipstein, and John Does 1–10 (collectively, "Defendants"), alleging trademark and copyright infringement of its trademarks for Tactical World Store. (Compl. dated September 11, 2023 ("Compl."), Dkt. No. 1). Plaintiff alleged that the Defendants infringed upon its intellectual property by using the trademark and copyrighted text and photographs on different websites. (*See generally id.*).

        On December 14, 2023, the Court ordered Ubuntu to file proof of service on the docket. (Order dated Dec. 14, 2023). Further, the Court noted, "if service was not made upon the Defendants by 12/11/2023, or if Plaintiff fails to show good cause as to why such service has not been effectuated," the Court would recommend that the action be dismissed without prejudice. (*Id.*). Ubuntu has not responded to the Court's order, and it has not filed anything on the docket since September 25, 2023. (*See* Docket). None of the Defendants have appeared, and there is no evidence that they have been served.

        Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after

notice to the plaintiff—must dismiss the action without prejudice[.]" Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service[.]" *Id.*  "A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, No. 04-CV-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (discussing the standard under the earlier 120-day period). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Id.*  "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Id.*  "Good cause is measured against '(1) the plaintiff's reasonable efforts to effect service, and (2) the prejudice to defendant from the delay.'" *Snall v. City of New York*, No. 97-CV-5204, 1999 WL 1129054, at *3 (E.D.N.Y. Oct. 19, 1999) (quoting *Nat'l Union Fire Ins. Co. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990)), *aff'd*, 242 F.3d 367 (2d Cir. 2000).  Courts have dismissed actions without prejudice where plaintiffs have not taken any action after filing the initial complaint.  *E.g.*, *Zappin v. Cohen*, No. 15-CV-7271, 2016 WL 3034334, at *1–*2 (S.D.N.Y. May 27, 2016) (adopting report and recommendation) (case dismissed without prejudice where *pro se* plaintiff did not serve defendant and did not respond to court's order directing proof of service or argument for why case should not be dismissed).

Since Ubuntu filed the Complaint in on September 11, 2023, it has not served any of the Defendants.  Ubuntu then failed to respond to the Court's order requesting proof of proper service.  At no time has Ubuntu sought a further extension of time to effect service, nor has it provided further justification for lack of service.

The appropriate remedy is to dismiss this action without prejudice. "Among federal courts, there is virtual unanimity that 'dismissal is mandatory if a defendant is not served within [90] days, unless the plaintiff can show good cause for delay.'" *Nat'l Union Fire Ins. Co.*, 1994 WL 463009, at *3 (quoting *Geiger v. Allen*, 850 F.2d 330, 332 (7th Cir. 1988)); *see, e.g., Fried v. N.Y. State Off. of Child. & Fam. Servs.*, No. 05-CV-5522, 2008 WL 4360749, at *1, *5 (E.D.N.Y. Sept. 24, 2008) (adopting report and recommendation to dismiss without prejudice in absence of demonstrable good cause or basis to exercise discretion); *Grant v. Aurora Loan Servs.*, No. 08-CV-100, 2008 WL 4326532, at *1 (E.D.N.Y. Sept. 22, 2008) (same); *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 32, 35 (W.D.N.Y. 1996) (no good cause where counsel attempted service, not by following the Federal Rules of Civil Procedure, but rather "his own informal procedure"). The Court, thus, respectfully recommends that the Complaint be dismissed without prejudice.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara*  January 8, 2024

SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York